IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SIMUEL D. HOWARD                                                             PETITIONER

VS.                                                  CIVIL ACTION NO. 3:15cv663-DPJ-FKB

WARDEN B.E. BLACKMON                                      RESPONDENT

**REPORT AND RECOMMENDATION**

Simuel D. Howard is a federal inmate serving a 240-month sentence for a drug offense. He is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo). He filed this petition pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding in which he was found guilty of a violation of the disciplinary code and his resulting loss of 41 days of good time credit. Presently before the Court is Howard's petition [8] and his motion for summary judgment [16]. Having considered the petition, the response to the petition, Howard's motion, and the response to the motion, the undersigned concludes that relief should be denied.

On July 3, 2014, staff at FCC Yazoo received an email from the Central Office of the Federal Bureau of Prisons indicating that a cell phone had been plugged into computer workstation QYAZ2YN4HSIM at FCC Yazoo at approximately 6:53 p.m. on the previous evening. The cell phone by identified by the Central Office as a Nokia Lumina phone. The Central Office indicated that Howard was logged into the TRULINCS system on computer QYAZ2YN4HSIM at the time of the connection of the cell phone. Officer T. Hawkins completed an incident report charging Howard with a violation of Prohibited Act

Code 108, possession of a cell phone.[1]  In the report, Officer Hawkins recounted the contents of the email and stated that Howard's name and the type of cell phone had been verified by the Central Office. [14-1] at 5.

The incident report was delivered to Howard that same day, and on July 4, 2014, a Unit Disciplinary Committee (UDC) hearing was held. [14-1] at 6.  Because of the severity level of the offense, the UDC referred the incident to the Disciplinary Hearing Officer (DHO).  *Id.*  The hearing was held before DHO Derrick Mosley on July 7, 2014.  At the hearing, Howard waived his right to a staff representative and witnesses. [14-1] at 10.  Howard denied guilt and stated that he did not possess a phone.  *Id.* He argued that someone else must have had a device plugged into the computer without his knowledge. *Id.*

The DHO issued a written decision on August 6, 2014.  In the decision, the DHO

---

[1]The prison disciplinary process begins with the issuance of an incident report prepared by a prison staff person.  The report is normally served on the inmate within 24 hours.  The next step is the appointment of an investigating officer (a supervisory-level staff member) and an investigation by him.  The investigation includes a meeting between the investigator and the inmate at which the inmate is given the opportunity to make a statement.  The inmate has the right to remain silent; however, an adverse inference may drawn against him for doing so. When the investigator has completed his investigation, he records the results of his investigation on the incident report and forwards it, along with any other relevant materials, to the Unit Disciplinary Committee (UDC).  If  the alleged offense is a low or moderate severity offense, the UDC may make a determination as to guilt. Where the UDC determines that the inmate did not commit the offense, the UDC expunges the report from the inmate's file.  Alternatively, it  may refer the matter to the Discipline Hearing Officer (DHO).  Referral to the DHO is automatic for high severity offenses.  Where the matter is referred to the DHO, the UDC advises the inmate of his right to choose a staff representative for the hearing and to request witnesses.  Following a hearing, the DHO issues a written decision.  The decision may be appealed through the Administrative Remedy Program. *See generally* BOP Program Statement 5270.09 §§ 541.5-541.8.

stated that in consideration of Howard's argument that someone else could have plugged a phone into the computer without his knowledge, the DHO had personally viewed the workstation. [14-1] at 11. The DHO stated that the entire computer was paneled off and secured with locks, preventing inmates from having access to any part of the workstation other than the computer screen, the keyboard, and the USB cord next to the keyboard. *Id.* He noted that the only way an inmate could plug a cell phone into the workstation would be by using the USB cord, which was on top of the desk in plain view of anyone using the workstation. *Id.* He concluded that another inmate could not have plugged a cell phone into the computer without Howard's knowledge while Howard was using the computer. *Id.* The DHO found, based upon the evidence, that Howard had committed the prohibited act of possession of a cell phone, and he imposed the following sanctions: 60 days in disciplinary segregation, a 41-day disallowance of good-conduct time and loss of visitation and telephone privileges for one year. [14-1] at 12.

Howard presents two arguments in support of his petition. First, he argues that he should not have been found guilty because the cell phone was never recovered. Next, he challenges the DHO's investigation of the workstation, arguing that a proper investigation would have revealed that it is not secure and could have been accessed by another inmate. Both of these arguments amount to an attack on the sufficiency of the evidence.

This court's review of the DHO's decision is limited by the deferential standard of *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), which requires merely that there be "some evidence" to show that the inmate committed the offense. *Id.* at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire

3

record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . ." *Id.* at 455-56. If there is "some evidence" to support the decision, it must be upheld even if the evidence is "meager." *Id.* at 456.

The DHO in his report cited the following items of evidence that he found credible and that he relied upon in making his determination of guilt: The incident report detailing the report from the Central Office showing that a cell phone was connected to the computer during Howard's login period, and DHO's personal viewing of the workstation, which led him to conclude that no other inmate could have connected a phone to the computer without Howard's knowledge while Howard was using it. This evidence clearly satisfies the "some evidence" standard.

The undersigned concludes that the decision of the DHO was supported by some evidence. Accordingly, the undersigned recommends that Howard's motion be denied and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 17th day of October, 2016.

                                      /s/ F. Keith Ball
                                      UNITED STATES MAGISTRATE JUDGE